**Christopher James Bowes, Esq.**
54 Cobblestone Drive
Shoreham, NY 11786
Tel. (212) 979-7575

May 13, 2021

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/21

<u>Via ECF</u>
Hon Barbara C. Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Cash Smith v. Saul</u>
1:21-cv-01105-VSB-BCM

Dear Judge Moses:

    As the attorney for the plaintiff in the above captioned action, I write to request an extension of time to complete service on the defendant.

    The complaint in this case was filed on February 8, 2021 and the summons issued on February 9, 2021. My records indicate that I served the summons and complain on March 5, 2021. However, I cannot locate the documentation and it now seems clear that my records are in error.

    Pursuant to Fed. R. Civ. P. § 4(m), if service is not made within 90 days, the Court must either "dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time ..." <u>Id</u>. If the plaintiff shows "good cause" for the failure to effect service, the court "shall extend the time for service for an appropriate period." <u>Id</u>. The courts have interpreted this provision to mean that the court must extend the time for service if the plaintiff shows good cause, and may extend the deadline, even if the plaintiff fails to show good cause, as a matter of judicial discretion. <u>See</u> <u>Henderson v. United States</u>, 517 U.S. 654, 662-63 (1996); <u>Goodstein v. Bombardier Capital, Inc</u>., 167 F.R.D. 662, 666-667 (D. Vt. 1996); <u>Argentina v. Emery World Wide Delivery Corp</u>., 167 F.R.D. 359, 363-64 (E.D.N.Y. 1996). <u>See</u> generally, MOORE'S FEDERAL PRACTICE - CIVIL §§ 4.82-83.

    I submit that my clerical mistake in believing that the summons and complaint had already been served constitutes good cause good cause for failure to effect service. I respectfully request, in the alternative, that the Court, as a matter of discretion, permit additional time for service in light of the relatively short delay in effectuating service upon the Commissioner of Social Security and the absence of any prejudice to the government. <u>See</u> <u>Valentin v. Commissioner of Social Security</u>, 2000 U.S. Dist. LEXIS 16948 (S.D.N.Y. 2000) (dismissal not appropriate, even where no good cause shown, unless Commissioner demonstrates that delay occasioned by plaintiff's attorney made it impossible to retrieve file and defend lawsuit).

Hon. Barbara C. Moses  RE: <u>Smith Cash v. Saul</u>
May 13, 2021  1:21-cv-1105 (VSB)(BCM)

    In this case, I am serving the Commissioner today by certified mail and anticipate that such service will be received by the defendant no later than May 28, 2021.

    Accordingly, I respectfully that the Court extend plaintiff's time to properly serve the defendant and file proof of such service by May 28, 2021.

    Thank you for Your Honor's consideration of this request.

                                                    Respectfully submitted,

                                                  <u>*Christopher J. Bowes, Esq.*</u>
                                                  Christopher J. Bowes, Esq.

cc:    United States Attorney's Office for the
        Southern District of New York
        86 Chambers Street, 3rd Floor
        New York, NY 10007

Application GRANTED. SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
May 14, 2021