```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
YLANDRE SMITH CASH,                                      :
                                                         :
                          Plaintiff,                     :
                                                         :     21-CV-1105 (VSB) (BCM)
              - against -                                :
                                                         :        OPINION & ORDER
                                                         :
FRANK BISIGNANO, Commissioner of                         :
Social Security Administration,¹                         :
                                                         :
                          Defendant.                     :
                                                         :
---------------------------------------------------------X
```

Appearances:

Christopher James Bowes
Law Office of Christopher James Bowes, Esq.
Shoreham, NY
*Counsel for Plaintiff*

Ariella Renee Zoltan
Maria Pia Fragassi Santangelo
Victoria Treanor
Social Security Administration
New York, NY & Baltimore, MD
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On February 8, 2021, Plaintiff Ylandre Smith Cash ("Plaintiff") filed this action pursuant to Section 205(g) of the Social Security Act ("SSA"), seeking judicial review of a final determination of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income. (Doc. 1.) On February 9, 2021, I referred this case to United States Magistrate Judge Barbara C. Moses. (Doc. 6.) Plaintiff moved for judgment on the

---

¹ Frank Bisignano is now the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Bisignano is automatically substituted for Andrew M. Saul as the defendant in this action.

pleadings on December 20, 2021, (Doc. 18), and the Commissioner cross-moved for judgment on the pleadings on March 11, 2022, (Doc. 23).

Now before me is the thorough and well-reasoned Report & Recommendation (the "Report") of Magistrate Judge Moses, issued on March 22, 2023, in which she recommends denying Plaintiff's motion, granting the Commissioner's motion, and dismissing the case. (Doc. 27.) On April 19, 2023, after I granted an extension of time to file objections, (Doc. 29), Plaintiff timely filed objections, (Doc. 30). On May 2, 2023, the Commissioner filed a response to Plaintiff's objections. (Doc. 31.)

For the following reasons, I adopt the Report in its entirety. The Report's detailed account of the facts and procedural history, to which no party objects, is incorporated by reference. (*See* Report at 1–22.)

I.      **Legal Standard**

After a magistrate judge issues a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Trs. of Drywall Tapers & Pointers Loc. Union No. 1974 Benefit Funds v. Cite C Corp.*, No. 17-CV-9304, 2019 WL 1745743, at *1 (S.D.N.Y. Apr. 18, 2019) (internal quotation marks omitted). Where specific objections are made, the court is obligated to review the contested issues de novo. *See* Fed. R. Civ. P. 72(b)(3). However, when "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments," the court will review the report only for clear error. *See Jones v. Smith*, No. 09-CV-6497, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases).

In other words, "a party is not to be afforded a second bite at the apple when filing objections to a Report and Recommendation, as the goal of the federal statute providing for the assignment of cases to magistrate[] [judges] is to increase the overall efficiency of the federal judiciary." *Michaud v. Nippon Cargo Airlines, Co.*, No. 09-CV-3375, 2011 WL 5402642, at *1 (E.D.N.Y. Nov. 7, 2011) (internal quotation marks and alterations omitted).

## II. Discussion

Plaintiff' sole objection is to the Report's acceptance of the conclusion of the administrative law judge ("ALJ") that Plaintiff retains the Residual Functional Capacity ("RFC") for sedentary work. Accordingly, I review de novo the portion of the Report addressing the ALJ's RFC finding, and review the remainder of the Report for clear error.

Whether a claimant is "disabled" and therefore eligible for benefits under the SSA, is determined in the first instance by an administrative law judge. A court may only set aside the decision of an administrative law judge if it is based upon a "legal error" or if the administrative law judge's "factual findings are not supported by substantial evidence." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In other words, "once an ALJ finds facts, [the district court] can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Id.* (internal quotation marks and emphasis omitted).

A claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To determine whether a claimant meets this definition, an administrative law judge conducts a "five-step sequential evaluation process." 20 C.F.R. § 416.920(a)(1); *see also id.* (a)(4). Between steps three and four, the administrative law judge assesses a claimant's "residual functional capacity," or "RFC," a metric which factors into the assessments at steps four and five. *Id.* § 416.920(a)(4)(iv)–(v).

A claimant's RFC is the "most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The determination of a claimant's RFC takes into account all medically determinable impairments and is based on all of the medical and other evidence in the record, including credible testimony, records, opinions from physicians, and observations of friends and family. *Id.* § 416.945(a)(2)–(3). Although an administrative law judge must consider the medical and other evidence in the record to make an RFC finding, the finding itself is "within the province of the ALJ" as it "is administrative in nature, not medical." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021).

In this case, the ALJ found that:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except involving frequent pushing and pulling. She should have allowance to use a cane as needed for ambulating and balancing. She should have a sit-stand option to change position for a few seconds every 60 minutes. She should not use or operate foot or leg controls. She could frequently but not repetitively feel, finger, and handle objects, reach overhead, and reach in all other directions. She should not kneel, crawl, or climb ladders, ropes, or scaffolds, but she could occasionally climb ramps and stairs, balance, stoop, and crouch. She should avoid concentrated exposure to environments with extreme heat, extreme cold, and pulmonary irritants, such as dust and fumes. She should avoid exposure to unprotected heights and dangerous moving machinery.

(Doc. 12 ("Admin. Record") at 520.)  Although sedentary work involves sitting, "a certain amount of walking and standing," as well as carrying small articles like docket files, is often required as well.  20 C.F.R. § 416.967(a).

The ALJ considered, among other things, the testimony of Vocational Expert Theresa Kopitzke ("Kopitzke") in reaching Plaintiff's RFC determination.  The ALJ asked Kopitzke whether a hypothetical person with certain limitations could perform sedentary work, leading to the below exchange:

> ALJ:  If I added to the hypothetical that the person would need to be allowed the use of a cane, how would that affect the jobs?
>
> TK:  It would not.
>
> […]
>
> TK:  I'm not sure if you're combining these hypotheticals.  But if a person were standing while completing their work, performing these jobs, and they require da [*sic*] cane while standing, and would be limited to one handed use while standing, or if the person needed to hold onto the cane to perform these jobs while standing they would likely have a reduction in their work output.  These jobs might not be available for such an individual.
>
> ALJ:  So a sit/stand option would preclude the work?
>
> TK:  If they were using a cane.  If they weren't using a cane it would not.
>
> ALJ:  If they were --
>
> TK:  So --
>
> ALJ:  --a cane for ambulation it's okay, but if they needed the cane in doing the standing - - if they didn't need the cane while they were standing, doing the sit/stand option, if they just had to stand for a couple of minutes to change positions and sit back down, so they don't need the cane to move around or do anything, they could still have the jobs?
>
> TK:  Yes.  That's correct.
>
> ALJ:  Okay. But if they needed the cane to do more than just change positions, stand up, sit back down, that would preclude the work.

>TK:  Yes, correct.  Absolutely.
>
>ALJ:  Gotcha.

(Admin. Record at 581–82.)

Plaintiff objects to the Report's interpretation of Kopitzke's testimony, and its implication for the ALJ's determination of Plaintiff's RFC.  Specifically, Judge Moses found that "[a]lthough the questioning of [Kopitzke] on this point was not a model of clarity, her actual testimony was that the jobs she identified 'might not be available' for an individual who needed a cane not only to ambulate but also whenever standing" and, contrary to Plaintiff's assertion, Kopitzke "did *not* testify . . . that no work would be available for an individual who needs to use a cane while alternating to a standing position."  (Report at 30 (internal quotation marks omitted).)

Plaintiff disagrees, interpreting Kopitzke to have said that "if an individual is using their cane while standing up to take a break from sitting, then [sedentary] work would be precluded."  (Doc. 30 at 5.)  Plaintiff further argues that the ALJ's RFC determination stating that Plaintiff should be allowed "to use a cane as needed for ambulating and balancing," (Admin. Record at 520), means that Plaintiff "required her cane when standing for purposes of balancing," (Doc. 30 at 3).  Putting these two interpretations together, Plaintiff concludes that since sedentary work is unavailable to people who need a cane whenever standing, and she needs a cane whenever standing, she is precluded from sedentary work and her RFC is therefore incorrect.  (*Id.* at 5–6.)

As Judge Moses correctly pointed out, the exchange between the ALJ and Kopitzke is "not a model of clarity."  (Report at 30.)  Plaintiff asserts that Kopitzke's agreement to the ALJ's statement that "if [a person] needed [a] cane to do more than just change positions, stand up, sit

6

back down, that would preclude [sedentary] work," (Admin. Record at 582), means that any use of a cane while already standing precludes sedentary work. However, Plaintiff needlessly restricts the testimony. Kopitzke seems to be making a distinction that is grounded in the impact of a cane on a person's work output. For instance, she says that if a person "would be limited to one handed use while standing, or if the person needed to hold onto the cane to perform these jobs while standing[,] they would likely have a reduction in their work output," and that reduction in work output might render such sedentary work unavailable. (Admin. Record at 582.) Kopitzke's testimony draws a contrast between the need to use a cane to transition from one position to another and the need to consistently use a cane while standing, the latter of which would reduce work output and preclude sedentary work. There is a middle ground between those extremes where a person hypothetically needs to use a cane to transition from sitting to standing, and occasionally to balance while already standing or walking, but does not require constant use of a cane to stand or walk. This middle-ground scenario could allow for sedentary work because it would not generally limit a person to one-handed use while standing. Although Plaintiff's reading of Koptizke's testimony is not unreasonable, the testimony is also consistent with Magistrate Judge Moses's conclusion. Therefore, under the "very deferential standard of review" I must apply, *Brault*, 683 F.3d at 448, I find that a reasonable factfinder could conclude that Kopitzke testified that occasional use of the cane while standing would not preclude sedentary work, so long as it was not sufficiently consistent to reduce work output.

      Next, I find that Plaintiff stretches the RFC determination beyond its natural interpretation in determining that an allowance to use a cane "as needed" for standing and ambulating means that Plaintiff generally requires a cane when standing. To the contrary, "as needed" indicates that there will be moments when Plaintiff needs to use a cane and moments

when she does not, undermining Plaintiff's argument that she fits into the category of people described by Kopitzke who consistently need to be using a cane while standing such that they are "limited to one handed use while standing," (Admin. Record at 582). Given these findings, a reasonable factfinder could determine that there is no contradiction between the ALJ's determination that Plaintiff can perform sedentary work and the finding that she should be allowed to use a cane as needed for standing and ambulating.

I therefore OVERRULE Plaintiff's objection.

Because neither party has objected to any aspect of the Report other than its finding as to the ALJ's RFC determination, I have reviewed the remainder of the Report for clear error. *Cite C Corp.*, 2019 WL 1745743, at *1. Because I find no error, let alone clear error, I ADOPT the remainder of the Report.

### III.    Conclusion

For the foregoing reasons, I ADOPT the Report in its entirety. Plaintiff's motion for judgment on the pleadings, (Doc. 18), is DENIED. The Commissioner's motion for judgment on the pleadings, (Doc. 23), is GRANTED. The Clerk of Court is respectfully directed to terminate Docs. 18 and 23, and close this case.

SO ORDERED.

Dated: June 3, 2025
      New York, New York

Vernon S. Broderick
United States District Judge